UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RONALD LEBED, SR.,
    Petitioner,

v.                                             Case No. 5:20-cv-574-KKM-PRL

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____

## ORDER

Lebed, a Florida inmate, filed a Second Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, (Doc. 19), based on the alleged errors of the state trial court and prosecutor and the alleged failings of his trial counsel. Having considered the second amended petition, (*id.*), and the response opposing the second amended petition as time-barred (Doc. 20), the Court dismisses the second amended petition as time-barred.[1]

## I.     BACKGROUND

A state court jury convicted Lebed of trafficking in methamphetamine and possession of drug paraphernalia. (Doc. 20-1, Ex. A, doc. pp. 172-73.) The state trial court sentenced him to 30 years in prison. (*Id.*, doc. pp. 177, 194.) The state appellate court per curiam affirmed the conviction and sentence. (Doc. 20-1, Ex. E.) Lebed filed a motion to

---

[1] Lebed did not reply to the response.

1

correct an illegal sentence under Florida Rule of Criminal Procedure 3.800, which was denied. (Doc. 20-1, Ex. G.) The state appellate court per curiam affirmed the denial. (Doc. 20-1, Ex. J.) The state appellate court also per curiam affirmed the state court's denial of Lebed's subsequent motion to dismiss and motion for postconviction relief. (Doc. 20-1, Exs. L, O, Q & S; Doc. 20-2, Ex. U.)

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under the AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled while a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

### A. Untimeliness Under 28 U.S.C. § 2244(d)

The state appellate court affirmed Lebed's conviction and sentence on June 4, 2019. (Doc. 20-1, Ex. E.) His judgment became final 90 days later, on September 3, 2019, when the time to petition the Supreme Court of the United States for a writ of certiorari expired.

*See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002).[2] Lebed did not file any tolling application in state court until more than one year later, on November 17, 2020, when he filed a motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800. (Doc. 20-1, Ex. G, doc. p. 918.) Therefore, the AEDPA limitation period expired untolled on September 3, 2020. *See Green v. Sec'y, Dep't of Corr.*, 877 F.3d 1244, 1247 n.3 (11th Cir. 2017). Lebed filed his original § 2254 petition[3] after this date, on November 20, 2020.

The AEDPA limitation period was not revived when Lebed later moved for collateral relief in state court. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.' " (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000))). Accordingly, Lebed's second amended petition is untimely under § 2244(d)(1)(A).

### B. Equitable Tolling

Lebed seeks equitable tolling on the basis that "between January and July of 2020, [he] . . . exhibited COVID-19 like symptoms which kept [him] in a quarantine status for

---

[2] The ninetieth day, Monday, September 2, 2019, was Labor Day. Therefore, Lebed had until Tuesday, September 3, 2019, to file a petition for writ of certiorari. *See* Fed. R. Civ. P. 6(a)(1)(C), (a)(6)(A).

[3] For purposes of the timeliness determination, the Court will assume that the second amended petition relates back to the filing date of the original petition.

3

the duration of that period." (Doc. 19, p. 13.) He states that "the only access to the institution's law library was through the internal mail system which has a three-week or longer turnaround period per request." (*Id.*) He claims that he submitted numerous request forms for legal assistance, but that many of these requests were unanswered. (*Id.*) Lebed also states that on July 4, 2020, his prison suspended all access to the courts and all legal work ceased. (*Id.*) He states that the law library was turned into a quarantine area for the rest of 2020.

Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). The diligence required is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal quotation marks and citations omitted).

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003)

4

("[E]quitable tolling applies only in truly extraordinary circumstances."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner" and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin*, 633 F.3d at 1268. The applicability of equitable tolling is determined on a case-by-case basis. *See Holland*, 560 U.S. at 649-50.

Lebed fails to show that extraordinary circumstances prevented him from timely filing his § 2254 petition. Limited access to a law library is not an extraordinary circumstance warranting equitable tolling. *See Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004) (stating that precedent "suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate" and rejecting the petitioner's claim that separation from his legal papers upon transfer to another prison was an extraordinary circumstance (citing *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000))); *Helton v. Sec'y, Dep't of Corr.*, 259 F.3d 1310, 1313-14 (11th Cir. 2001) (stating that claims about an allegedly deficient prison law library were insufficient to establish an "extraordinary circumstance" warranting equitable tolling); *Miller v. Florida*, 307 F. App'x 366, 367-68 (11th Cir. 2009) (affirming the dismissal of a habeas petition as untimely and stating that "even restricted

access to a law library, lock-downs, and solitary confinement," along with a lack of legal training and inability to obtain legal assistance, generally do not qualify as circumstances warranting equitable tolling).

And while Lebed claims that the prison suspended access to the courts, his conclusory claim does not establish an extraordinary circumstance. Lebed does not allege or show that he was unable to prepare or send legal mail. Additionally, a July 6, 2020 memorandum written by an assistant warden at DeSoto Correctional Institution that he cites does not support his assertions. The memorandum states that access to the institutional law library and its resources had been temporarily suspended, and that the memorandum was written to explain why an inmate "who has indicated that they have a deadline in the Courts" may be unable to meet the deadline. (Doc. 19, p. 22.) There is no indication that "all access" to the courts was suspended, as Lebed contends. Thus, Lebed fails to show that limited law library access is an extraordinary circumstance entitling him to equitable tolling.

Similarly, limited access to prison law clerk assistance does not amount to an extraordinary circumstance to justify the application of equitable tolling. *See Miller*, 307 F. App'x at 367-68 (rejecting the petitioner's assertion that his inability to consult with prison law clerks was an extraordinary circumstance for purposes of equitable tolling); *Perez v. Florida*, 519 F. App'x 995, 996-97 (11th Cir. 2013) (noting that the petitioner asserted

6

dependence on the assistance of inmate law clerks as an extraordinary circumstance, and stating that "none of the circumstances he alleged before the district court constituted extraordinary circumstances to justify equitable tolling . . . .").

Nor does Lebed show entitlement to equitable tolling based on lockdowns or the law library's being converted to a quarantine area due to COVID-19. I find persuasive orders by the Eleventh Circuit Court of Appeals concluding similarly when denying certificates of appealability. In one such order, the court stated that in accord with precedent, "lockdowns and similar limitations imposed because of the COVID-19 pandemic were not extraordinary circumstances which by themselves justify equitable tolling." *Powell v. United States*, 2022 WL 2811987, at *1 (11th Cir. Feb. 8, 2022). In another order, the court determined that the petitioner "could not show extraordinary circumstances, as his circumstances were not different than any other prisoner attempting to access legal resources, as they all were subject to COVID-19 protocols." *Rush v. Sec'y, Fla. Dep't of Corr.*, 2021 WL 3134763, at *1 (11th Cir. June 22, 2021). Similarly, the court also stated that "[w]hile the Covid-19 pandemic may have impacted [petitioner's] access to legal materials in the remaining [time left in the limitation period], his circumstances were not different than any other prisoner attempting to access legal resources." *Whitaker v. Comm'r, Ga. Dept of Corr.*, 2022 WL 2156663, at *2 (11th Cir. May 3, 2022). And despite asserting that the law library was made into a quarantine area from July to the end

7

of the year, Lebed was able to file a motion in state court and a petition in federal court in November 2020. He does not establish why he could not have done so sooner.

Finally, Lebed alleges that his mother hired an attorney to file his state court postconviction motion but that the attorney was delayed in doing so because of COVID-related restrictions on communicating with Lebed and delays in the courts. Lebed appears to allege that if not for these delays, his postconviction attorney would have filed his state postconviction motion with enough time to toll the AEDPA limitation period before it expired.

Lebed fails to show that such circumstances entitle him to equitable tolling. First, the equitable tolling inquiry concerns a petitioner's ability to timely file his § 2254 petition, not his ability to toll the AEDPA limitation period by filing a state court motion. There is no indication the attorney was involved in filing the § 2254 petition. Indeed, Lebed states that the attorney informed him that he "does not do" federal petitions. (Doc. 19, p. 13.)

Moreover, Lebed does not show that the postconviction attorney's failure to file the state postconviction motion in time to toll the AEDPA limitation period is an extraordinary circumstance.[4] Generally, an attorney's miscalculation of the limitation period or misapprehension about the limitation is not a basis for equitable tolling. *See Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1223-24, 1236-37 (11th Cir. 2017)

---

[4] On March 24, 2021, Lebed filed a pro se motion for postconviction relief. (Doc. 20-1, Ex. Q.)

(explaining that equitable tolling may be warranted upon instances of serious attorney misconduct including abandonment of the client, bad faith, dishonesty, divided loyalty, or mental impairment, but that equitable tolling is not warranted due to an attorney's negligence or misunderstanding of the law).

Lebed alleges no such instances of serious attorney misconduct. Lebed does not show that his postconviction attorney's failure to file his state court postconviction motion before the expiration of the AEDPA limitation period so as to commence statutory tolling of the limitation period is an extraordinary circumstance. As Lebed has not demonstrated an entitlement to equitable tolling, his petition is dismissed as untimely.[5]

## III.  CERTIFICATE OF APPEALABILITY

Lebed is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id.* To obtain a COA, Lebed must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Lebed cannot satisfy the second

---

[5] Lebed does not argue that the Court can consider his untimely petition on the basis that he has demonstrated his actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013).

prong of the *Slack* test. As Lebed is not entitled to a COA, he is not entitled to appeal in forma pauperis.

The Court therefore **ORDERS** that Lebed's Second Amended Petition for Writ of Habeas Corpus, (Doc. 19), is **DISMISSED as time-barred**. The **CLERK** is directed to enter judgment against Lebed and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Ocala, Florida, on October 12, 2023.

*/s/ Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge